JFP:pac 7048/3 \pleading\70483Sinapi.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RODNEY D. DRIVER | : | |
| | : | |
| VS. | : | C. A. NO. 07-291S |
| | : | |
| TOWN OF RICHMOND, by and through its Treasurer, DAVID KRUGMAN, and RAYMOND A. DRISCOLL, in his individual and official capacities as Chief of Police of the Town of Richmond | : | |

## ANSWER OF THE TOWN OF RICHMOND AND RAYMOND A. DRISCOLL

### I. Introductory Statement

There are no factual allegations to either admit or deny in the Introductory Statement. To the extent that an answer is required, defendants neither admit nor deny the allegation.

### II. Parties

1. Admitted.

2. Admitted.

3. Admitted to the extent that Driscoll is the Chief of Police of the Town. Neither admitted nor denied as to the balance of the allegations.

### III. Jurisdiction

4. Neither admitted nor denied.

### IV. Venue

5. Neither admitted nor denied.

## V. <u>Material Facts</u>

### Chronology of Events

6. Neither admitted nor denied.

7. Neither admitted nor denied.

8. Neither admitted nor denied.

9. Admitted.

10. Neither admitted nor denied.

11. Neither admitted nor denied.

12. Admitted to the extent that plaintiff provided defendant Driscoll with written authorization from the owners. Neither admitted nor denied with respect to the balance of the allegations.

13. Admitted.

14. Admitted to the extent that the plaintiff left a message for the defendant Driscoll. Neither admitted nor denied as to the balance of the allegations.

15. Admitted to the extent that the defendant Driscoll left a message on the plaintiff's phone answering machine. Neither admitted nor denied as to the exact content of that message.

16. Neither admitted nor denied.

17. Denied.

18. Neither admitted nor denied.

19. Admitted to the extent that two smaller signs were erected on the property. Neither admitted nor denied as to the balance of the allegations.

20. Neither admitted nor denied.

21. Neither admitted nor denied.

22. Neither admitted nor denied regarding the allegation that the sign was not taken down. Denied regarding the allegation that the defendant Driscoll caused the police cruiser to be parked directly in front of and blocking the sign.

**The Road Sign Statute**

23. Admitted.

24. Admitted.

**Restrictions on Plaintiff's Free Speech**

25. Denied.

26. Neither admitted nor denied.

27. Neither admitted nor denied.

28. Neither admitted nor denied.

**The Importance of Political Signs**

29-34. The statements contained in these paragraphs are not factual allegations, but rather purported statements of the law. In that context, no answer is required. To the extent that an answer is required to these allegations, the defendants deny same.

35-38. The statements contained in these paragraphs are not factual allegations, but rather purported opinions. In that context, no answer is required. To the extent that an answer is required to these allegations, the defendants deny same.

**First Amendment Statutory Facial Challenge**

39-49. The statements contained in these paragraphs are not factual allegations, but rather purported statements of the law. In that context, no answer is required. To the extent that an answer is required to these allegations, the defendants deny same.

50. Denied.

**First Amendment Violations**

51. Denied.

52. Denied.

**Irreparable Harm and Damages**

53. Denied.

54. The statements contained in these paragraphs are not factual allegations, but rather purported statements of the law. In that context, no answer is required. To the extent that an answer is required to these allegations, the defendants deny same.

55. Denied.

56. Denied.

**Intentional Conduct**

57. Denied.

58. Denied.

**VI. <u>Claims for Relief</u>**

59. Defendants incorporate by reference their previous answers.

**COUNT ONE**

**<u>Impairment of Freedom of Speech in Violation of 42 U.S.C. §1983</u>**

60. Denied.

**COUNT TWO**

**<u>Impairment of Freedom of Speech in Violation of Article 1 §21 of the Rhode Island Constitution</u>**

61. Denied.

**<u>AFFIRMATIVE DEFENSES</u>**

1. That the actions of the defendants were lawful and proper.

2. That the defendant Driscoll acted, at all times material hereto, in good faith and is immune from liability pursuant to the doctrine of qualified immunity.

3. That the defendant Driscoll had legal justification for all of his actions.

DEFENDANTS
By their Attorney,

/s/ Joseph F. Penza, Jr.
Joseph F. Penza, Jr., Esq. #0607
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent an electronic copy of the within on to:

Richard A. Sinapi, Esq.
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920