**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RODNEY D. DRIVER,**<br>**Plaintiff**<br><br>**v.**<br><br>**TOWN OF RICHMOND**, by and through its Treasurer, **DAVID KRUGMAN**, and **RAYMOND A. DRISCOLL,** in his individual and official capacities as Chief of Police of the Town of Richmond,<br>**Defendants** | : | **C.A. No. 07-291S** |

**PLAINTIFF'S STATEMENT ENUMERATING ELEMENTS OF CLAIMS IN RESPONSE TO REQUIREMENT OF PRE-TRIAL CONFERENCE NOTICE**

## I. Introduction

Now comes the Plaintiff in the above-cited matter and hereby submits the within written statement enumerating the elements of the various claims alleged in his Complaint as required pursuant to this Court's Pre-Trial Conference Notice dated August 31, 2007. Plaintiff reserves the right to modify, amend and/or augment the within statement at any time during the course of these proceedings.

## II. Overview

This action is brought by the Plaintiff seeking damages and declaratory and injunctive relief for acts and/or omissions of Defendants in violation of Plaintiff's right to freedom of speech protected under the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983 and under Article 1, §21, of the Rhode Island Constitution..

## III. Impairment of Freedom of Speech in Violation of 42 U.S.C. §1983

### A. Elements

***42 U.S.C. §1983***

1. The deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States;

2. Under the color of any statute, ordinance, regulation, custom, or usage of any State or Territory.

In the case at bar, it is alleged that the Defendants, acting under the color of state law, specifically R.I.G.L. §11-22-2, by their concerted acts and/or omissions, specifically by removing and damaging Plaintiff's posted political signs on numerous occasions, deprived Plaintiff of his right to freedom of speech protected under the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

***First Amendment Violation***

In the context of the facts of this case, conduct impairing freedom of expression violates the First Amendment where it is based on:

1. A governmental rule, policy or law subjecting the exercise of First Amendment freedoms to prior restraint;

2. That fails to contain narrow, objective, and definite standards to guide the decision-maker; and,

3. Involves the appraisal of facts, the exercise of judgment, and the formation of an opinion by the decision-maker.

### B. Case Law

*City of Lakewood v. Plain Dealer Pub.* Co., 486 U.S. 750, 769-772 (1988); *accord Forsyth County, Ga. v. Nationalist Movement*, 505 U.S. 123, 131 (1992); *Shuttlesworth v.*

*Birmingham,* 394 U.S. 147,151 (1969); *Cox v. Louisiana,* 379 U.S. 536 (1965); *Staub v. City of Baxley,* 355 U.S. 313, 321-322 (1958); *Kunz v. New York,* 340 U.S. 290, 294 (1951); *Niemotko v. Maryland,* 340 U.S. 268 (1951); *Saia v. New York,* 334 U.S. 558 (1948); *Transportation Alternatives, Inc.* v. *City of New York*, 340 F.3d 72, 78 (2nd Cir. 2003); *Osediacz v. City of Cranston,* 344 F.Supp.2d 799, 812 (D.R.I. 2004)("Where the licensing official enjoys unduly broad discretion in determining whether to grant or deny a permit, there is a risk that he will favor or disfavor speech based on its content."), *rev'd on other grounds*, 414 F.3d 136 (1st Cir. 2005); *accord Freedman v. Maryland,* 380 U.S. 51, 56 (1965)("In the area of freedom of expression it is well established that one has standing to challenge a statute on the ground that it delegates overly broad licensing discretion to an administrative office, *whether or not his conduct could be proscribed by a properly drawn statute, and whether or not he applied for a license* ")(emphasis added); *Lovell v. Griffin,* 303 U.S. 444, 452-453 (1938)("As the ordinance [which provided for unbridled licensing discretion] is void on its face, it was not necessary for appellant to seek a permit under it.").

*City of Ladue,* 512 U.S. at 59 (O'Connor, J. concurring) ("With rare exceptions, content discrimination in regulations of the speech of private citizens on private property or in a traditional public forum is presumptively impermissible, and this presumption is a very strong one"). Even where the government has declared a policy of promoting aesthetics and traffic safety, both recognized as "substantial governmental goals," *see Arlington County Republican Comm.*, 983 F.2d at 594, restrictions intended to accomplish those interests have failed to pass strict scrutiny and have been struck down. *See, e.g., City of Ladue,* 512 U.S. at 43; *Rappa v. New Castle County,* 18 F.3d 1043 (3rd Cir.1994); *Arlington County Republican Comm. v. Arlington County, Virginia,* 983 F.2d 587, 593 (4th Cir. 1993)(citing *Baldwin v. Redwood,* 540 F.2d 1360, 1366 (9th Cir.1976), *cert. denied, sub nom., Leipzig v. Baldwin,* 431 U.S. 913 (1977)).

## IV. Impairment of Freedom of Speech in Violation of Article 1, §21 of the Rhode Island Constitution

### A. Elements

*See* §III.A. above (First Amendment Violation).

### B. Case Law

*See* §III.B. above (First Amendment Violation); *see also, Jones v. State of Rhode Island*, 724 F. Supp. 25, 34-36(D.R.I. 1989)(constitutional violation actionable directly under Rhode Island constitution).

PLAINTIFF,
**RODNEY D. DRIVER**
By his attorneys,

**Date: September 28, 2007**

**/s/ Richard A. Sinapi**

**Richard A. Sinapi, Esq**. (#2977)
**American Civil Liberties Union, R.I. Affiliate**
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920
Phone: (401) 944-9690; FAX: (401) 943-9040

`
`

## CERTIFICATION

**TO: Joseph F. Penza, Esq.**
**Olenn & Penza, LLP**
**530 Greenwood Avenue**
**Warwick, RI 02886**

I hereby certify that a true copy of the within document was caused to be served upon the above named on this **28th** day of **September**, **2007**.

**/s/ Richard A. Sinapi**