**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RODNEY D. DRIVER,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **C.A. No. 07-291S** |
| | : | |
| **TOWN OF RICHMOND**, by and through | : | |
| its Treasurer, **DAVID KRUGMAN**, and | : | |
| **RAYMOND A. DRISCOLL,** in his | : | |
| individual and official capacities as Chief of | : | |
| Police of the Town of Richmond, | : | |
| **Defendants** | : | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. Introductory Statement

Now comes the Plaintiff, Rodney D. Driver, pursuant to Lr Cv 56 in the above-described matter and does hereby file the within Statement of Undisputed Facts in support of his Motion for Partial Summary Judgment:

## II. Parties

1. Plaintiff Rodney D. Driver ("Plaintiff") is a resident of the Town of Richmond, County of Washington, State of Rhode Island. Verified Complaint ("Comp.") at ¶1; Answer of the Town of Richmond and Raymond A. Driscoll ("Answer") at ¶1.

2. Defendant Town of Richmond ("Town") is a duly authorized and organized municipality under the laws of the State of Rhode Island. Comp. at ¶2; Answer at ¶2.

3. Defendant Raymond A. Driscoll ("Driscoll") is the Town Chief of Police and is the principal policy-making official of the Town Police Department. Comp. at ¶3; Answer at ¶3.

## III. Materials Facts

### Chronology of Events

4. At all relevant times, Plaintiff was a candidate for the United States Congress in the Second District of Rhode Island. Comp. at ¶6.

5. At all relevant times, the owners of real estate located at 75 Richmond Townhouse Road, Route 112, Richmond, Rhode Island ("property"), which is situated opposite the Washington County Fair Grounds ("fair grounds"), authorized Plaintiff to display on their property a two (2') foot by (4') foot political campaign sign promoting his candidacy ("sign") during the Washington County Fair ("fair"). Comp. at ¶7.

6. The sign was posted directly opposite the only motor vehicle ingress and egress and main entrance to the fair grounds, where thousands of patrons must pass during the course of the fair each year. Comp. at ¶8.

7. The fair typically takes place during the third week of August. Comp. at ¶9; Answer at ¶9.

8. On or about August 2002, the sign posted on the property by Plaintiff was removed on more than one occasion. Comp. at ¶10.

9. Plaintiff subsequently learned that it was Defendant Driscoll who had removed the signs. Comp. at ¶11.

10. When confronted, Defendant Driscoll clamed that Plaintiff needed written permission to post signs on private property. Comp. at ¶11.

11. Subsequently, although he did not believe he was legally required to, Plaintiff provided Defendant Driscoll with the written authorization from the owners and re-posted the sign without further incident. Comp. at ¶12.

12. On or about August 2006, Plaintiff posted the sign in the same location as he did in August 2002. Once again, the sign was taken down. Comp. at ¶13; Answer at ¶13.

13. After replacing the sign on several occasions, Plaintiff left a message for Defendant Driscoll at the Town Police Department. Comp. at ¶14; Answer at ¶14.

14. On or about August 18, 2006, Defendant Driscoll left a voice mail message on Plaintiff's phone answering machine, wherein, *inter alia*, he *claimed* that the sign was not permitted in the location and acknowledged that he removed it.[1] Comp. at ¶15; Answer at ¶15.

15. The foregoing last posted sign had been erected approximately twenty (20') feet or more from the centerline of Route 112 and approximately six (6') feet or more from the edge of the asphalt paving of the road. Comp. at ¶17.

16. Subsequently, Plaintiff re-posted the sign on the property approximately twenty-nine (29') feet from the centerline of Route 112 and fourteen and one-half (14 ½') feet from the edge of the asphalt paving of the road. Comp. at ¶18.

17. Plaintiff simultaneously erected two smaller signs on the property, both of which were more than twenty (20') feet from the centerline of Route 112 and six (6') feet from the edge of the asphalt paving of the road. Comp. at ¶19; Answer at ¶19.

18. By the following morning, all three signs had been taken down. Defendant Driscoll either directly took down or caused these signs to be taken down. Comp. at ¶20.

19. Subsequently, Plaintiff again erected the sign approximately twenty-nine (29') feet from the centerline of Route 112 and attached a note addressed to Defendant Driscoll which read as follows: "This sign is on private property, well outside the highway right of way." Comp. at ¶21.

20. This sign was not taken down. Comp. at ¶22.

[1] ***Plaintiff <u>does not</u> hereby stipulate or imply*** *to the Court that the sign was not permitted in the location; indeed, this is what the entire lawsuit is about.* Plaintiff ***only*** maintains and offers as undisputed that this is what *Defendant Driscoll* ***claimed*** in the voice mail message.

**The Road Sign Statute**

21. At all relevant times, Defendant Driscoll claims to have acted under the authority of Rhode Island General Laws §11-22-2, entitled "Injuries to road signs--Advertising on highway," in taking down Plaintiff's signs. Comp. at ¶23; Answer at ¶23.

22. Section §11-22-2 ("road sign statute") reads as follows in pertinent part:

> A person who willfully or maliciously: (1) displaces, removes, injures, destroys, or places a political advertisement on a mile board, mile stone, danger sign or signal, or guide sign or post, or any inscription on it, lawfully within a public highway; (2) in any manner paints, prints, places, puts, or affixes, or causes to be painted, printed, placed, or affixed, any business, commercial advertisement on or to any stone, tree, fence, stump, pole, building, or other object which is the property of another, without first obtaining the written consent of the owner, or (3) in any manner paints, prints, places, puts, or affixes, or causes to be painted, placed, or affixed, an advertisement on or to any stone, tree, fence, stump, pole, mile board, mile stone, danger sign, danger signal, guide sign, guide post, billboard, building, or other object within the limits of a public highway, without first obtaining the written consent of the chief of police of the city or town in which the highway is located; is punishable by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), or by imprisonment for not more than ten (10) days, or both. * * * Any advertisement in or upon a public highway in violation of the provisions of this section may be taken down, removed or destroyed by anyone. * * *

Comp. at ¶24; Answer at ¶24.

**Restrictions on Plaintiff's Free Speech**

23. In future elections, Plaintiff may run for political office and would like and intends to erect and display political signs in the same location or similar locations adjacent to and/or within the limits of public highways within the Town to promote his candidacy. Comp. at ¶26.

24. In future elections, Plaintiff would like and intends to erect and display political signs in the same location or similar locations adjacent to and/or within the limits of public highways within the Town to communicate and express his support and belief in prospective political candidates. Comp. at ¶27.

25. Nevertheless, Plaintiff is reluctant to do so because he faces potential criminal prosecution and sanctions under the road sign statute if he erects and maintains political signs in the same location or similar locations adjacent to and/or within the limits of public highways within the Town, unless he first obtains the consent of the Chief of Police. Comp. at ¶¶23, 24, 28; Answer at ¶¶23, 24

26. Accordingly, Plaintiff is in the position of either refraining from protected speech or facing prosecution for violation of the road sign statute unless the Town Chief of Police, in his unfettered discretion, consents to the placement of any such signs. ¶¶23, 24, 28, 55; Answer at ¶¶23, 24.

PLAINTIFF,
**RODNEY D. DRIVER**
By his attorneys,

**Date: November 5, 2007**

**Richard A. Sinapi, Esq**. (#2977)
**American Civil Liberties Union, R.I. Affiliate**
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920
Phone: (401) 944-9690; FAX: (401) 943-9040

**CERTIFICATION**

**TO: Joseph F. Penza, Esq.**
**Olenn & Penza, LLP**
**530 Greenwood Avenue**
**Warwick, RI 02886**

**Rebecca Tedford Partington, Esq.**
**Assistant Attorney General**
**State of Rhode Island**
**150 South Main Street**
**Providence, RI 02903**

I hereby certify that a true copy of the within document was caused to be served upon the above named on this **5th** day of **November**, **2007**.

**/s/ Richard A. Sinapi**