**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RODNEY D. DRIVER,** **Plaintiff** | : | |
| **v.** | : | **C.A. No. 07-291S** |
| **TOWN OF RICHMOND**, by and through its Treasurer, **DAVID KRUGMAN**, and **RAYMOND A. DRISCOLL,** in his individual and official capacities as Chief of Police of the Town of Richmond, **Defendants** | : | |

**<u>PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

## I. INTRODUCTION

This Memorandum of Law is submitted by the Plaintiff, Rodney D. Driver, in reply to the "Response of *Amicus Curiae*, State of Rhode Island, to Plaintiff's Motion for Partial Summary" ("Resp."). No other pleading or document was filed by either the Defendants or the State in response to Plaintiff's Motion for Partial Summary Judgment.

## II. ARGUMENT

1. The State *asserts* that the purpose of the road sign statute is to "maintain traffic safety," Resp. at p. 1, and then *contends* that the discretion of the chief of police is "not unfettered," and that the "standards provided by the statute are definite and reasonable," *id*. at p. 2. ***There is <u>no</u> "purpose" set forth in the statute and there are no "standards." There are <u>no</u> limitations on the exercise or discretion express or implied in the statute***. SUF at ¶22.

2. The State *asserts* that the road sign statute grants "limited discretion by necessity . . . to determine whether a sign will present a safety hazard (distraction) based on the size of the sign and the circumstances of its proposed location." Resp. at p. 6. ***There are <u>no</u> such limitations on the exercise of discretion in the statute***. SUF at ¶22.

3. Neither *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789 (1984) nor *Lewis v. Searles*, 2002 WL 31947782 (D.Vt.) cited by the State are apposite to the case at bar, since both involved a *complete ban* on the private posting of signs on public property or the public right of way.

4. Accordingly, neither case presented the evil present in this case which may properly be subjected to a First Amendment facial challenge: "that any attempt to enforce such legislation would create an unacceptable *risk* of the suppression of ideas." *See Vincent*, 466 U.S. at 797 (emphasis added).

5. The "risk" of course, quite simply, is the danger that, absent standards governing the exercise of discretion, a government official may decide who may speak and who may not based upon the content of the speech or viewpoint of the speaker. *See cases cited* in footnote 14 of Plaintiff's Memorandum of Law in Support of His Motion for Partial Summary Judgment ("Plaintiff's Memo").

6. Indeed, the *Vincent* Court noted that "cases have continued to employ facial invalidation where it was found that every application of the statute created an impermissible risk of suppression of ideas," citing favorably numerous unbridled discretion cases. 466 U.S. at 798, n. 15.[1]

7. Finally, as also noted by the *Vincent* Court, the Supreme Court has repeatedly held that such a statute may be challenged on its face even though a more narrowly drawn

[1] *See Saia v. New York*, 334 U.S. 558 (1948) (ordinance prohibited use of loudspeaker in public places without permission of the chief of police whose discretion was unlimited); *Cantwell v. Connecticut*, 310 U.S. 296 (1940) (ordinance required license to distribute religious literature without standards for the exercising of licensing discretion); *Schneider v. State*, 308 U.S. 147 (1939) (ordinances prohibited distributing leaflets without a license and provided no standards for issuance of licenses); *Hague v. CIO*, 307 U.S. 496, 516 (1939) (plurality opinion) (statute permitted city to deny permit for a public demonstration subject only to the uncontrolled discretion of the director of public safety).

statute—*i.e.*, a complete ban—may be valid as applied to the party in the case before it. *See, e.g., Forsyth County, Ga. v. Nationalist Movement*, 505 U.S. 123, 129 (1992); *Vincent*, 466 U.S. at 798.

8. Contrary to the State's contentions, Plaintiff does not rely on a "trinity of distinguishable case law" in support of his First Amendment facial challenge.[2] Resp. at p. 8. Plaintiff expressly relies on an unbroken line of Supreme Court precedent spanning nearly seventy (70) years which holds that, where, as here, the determination of who may speak and who may not is left to the unbridled discretion of a government official, a statute authorizing such an exercise of governmental authority imposes censorship on the public and hence is unconstitutional. *See cases cited* in footnote 14 of Plaintiff's. Memo.

9. The State has not advanced *any reason whatsoever* in its response as to why this Court should or is authorized to depart from this binding precedent in adjudicating Plaintiff's First Amendment challenge.

10. Contrary to the State's contentions, *Osediacz v. City of Cranston*, 344 F.Supp.2d 799 (D.R.I. 2004), *rev'd on other grounds*, 414 F.3d 136 (1st Cir. 2005), is persuasive and compelling authority supporting Plaintiff's First Amendment facial challenge, in part, because it *is* factually dissimilar. In *Osediacz*, the written policy struck down by the district court because of the lack of explicit limits on the mayor's approval discretion, unlike the statute in the case at bar, had a stated purpose—to authorize members of the public to erect holiday and seasonal

[2] Although the case is factually dissimilar, the holding in *City of Ladue v. Gilleo*, 512 U.S. 43 (1994) is still good law and is cited merely to underscore the Supreme Court's well-settled recognition of the importance of residential political signs in the First Amendment context. Plaintiff's reliance on a second case, *Osediacz v. City of Cranston*, 344 F.Supp.2d 799 (D.R.I. 2004), *rev'd on other grounds*, 414 F.3d 136 (1st Cir. 2005), a federal district court case, is discussed in the text, and is secondary to Plaintiff's reliance on well-settled Supreme Court precedent. Plaintiff could not discern the third case in the purported "trinity" to which the State was purportedly referring.

decorations on city hall property—and provided *some* limitation, albeit meager, on the exercise of the mayor's discretion—appropriate and suitable decorations for the holiday occasion which did not shock the conscience. ***As stated previously, in the case at bar, there is no purpose stated in and no guidance or limitation whatsoever on the exercise of discretion under the road sign statute.***

11. Defendant Driscoll's alleged subjective reasons for causing the removal of Plaintiff's political signs *asserted* by the State, Resp. at 10, are irrelevant to an adjudication of Plaintiff's facial challenge to the road sign statute.[3]

12. This is so because it is the mere *existence* of a statute that vests a government official with unbridled discretion to determine who may speak and who may not that offends the First Amendment, regardless of the manner in which it may be applied in any given case.[4]

13. A party has standing to challenge such a statute, where as here, the party's speech was impaired and curtailed in the past and/or he or she has a reasonable apprehension of impairment of his or her speech in the future from enforcement of the challenged statute.[5]

---

[3] They should also not be considered by the Court for the additional reason that there is no evidence in the record cognizable by this Court in a Motion for Partial Summary judgment which supports the State's assertions. *See* Fed.R.Civ.P. 56 (c); LR Cv 56.

[4] Indeed, it is well established in the area of freedom of expression that an overbroad regulation may be subject to facial review and invalidation, even though its application in the case under consideration may be constitutionally unobjectionable. *See cases cited* in footnote 9 of Plaintiff's. Memo.

[5] *See Osediacz v. City of Cranston,* 414 F.3d 136, 143 (1st Cir. 2005)(record must show either evidence of actual harm or sufficient evidence to indicate objectively reasonable possibility plaintiff would be subject to allegedly unconstitutional governmental approval because there is no limitation on decision-maker's exercise of discretion)(citing *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 183-84 (2000)(explaining plaintiff *need not* show certainty of future harm to establish standing, so long as there is reasonable threat of such harm)).

PLAINTIFF,
**RODNEY D. DRIVER**
By his attorneys,

**Date: January 7, 2008**

**/s/ Richard A. Sinapi**
**Richard A. Sinapi, Esq**. (#2977)
**American Civil Liberties Union, R.I. Affiliate**
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920
Phone: (401) 944-9690; FAX: (401) 943-9040

## CERTIFICATION

**TO: Joseph F. Penza, Esq.**
**Olenn & Penza, LLP**
**530 Greenwood Avenue**
**Warwick, RI 02886**

**Rebecca Tedford Partington, Esq.**
**Assistant Attorney General**
**State of Rhode Island**
**150 South Main Street**
**Providence, RI 02903**

I hereby certify that a true copy of the within document was caused to be served upon the above named on this **7th** day of **January, 2008**.

**/s/ Richard A. Sinapi**